LITTLE ROCK TENT & AWNING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 13866. Promulgated July 17, 1931.

*Raymond Jones, Esq.*, and *Harvey D. Jacobs, Esq.*, for the petitioner.

*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

BLACK: No evidence was introduced relative to the inadequacy of the salaries paid petitioner's officers. That ground alleged by petitioner as reason for special assessment was not pressed at the hearing. This leaves for consideration the single question of the right of the petitioner to a special assessment under sections 327 and 328, Revenue Act of 1918, for the years 1918 and 1919 because of alleged abnormalities in income and invested capital resulting from the use of borrowed money in its business.

Section 326 (b), Revenue Act of 1918, provides: " As used in this title the term ' invested capital ' does not include borrowed capital."

We have held in a number of cases that the use of borrowed capital is not in and of itself evidence of abnormality of invested capital or income unless the fact that it creates an abnormal condition is clearly shown by the evidence. The rule was stated by the Board in *Primrose Tapestry Co.*, 20 B. T. A. 702, as follows:

\* \* \* It does not appear from any proof in the record that it was not customary and normal for concerns engaged in business similar to that of petitioner to borrow considerable sums of money to finance their operation. What is abnormal can be determined only by reference to what is normal. On this principle we have consistently held that the use of borrowed capital is not in itself evidence of an abnormality, but that the claimed abnormality must be established clearly by the proof. *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566; *C. A. Dahl Co.*, 10 B. T. A. 915; *Iron City Electric Co.*, 13 B. T. A. 286; *Clark Brown Grain Co.*, 18 B. T. A. 937.

In the instant case there is no evidence that there was anything abnormal or unusual in the use of borrowed capital to the amount indicated in our findings of fact. On the authority of the above cited cases we hold that petitioner is not entitled to special assessment under sections 327 and 328 of the Revenue Act of 1918.

Petitioner in his motion filed herein January 14, 1930, stated, " The only issues involved in the appeal are those whether the petitioner is entitled to special assessment under the provisions of sections 327 and 328 of the 1918 Revenue Act for the years 1918 and 1919, and if so, then the amount of tax due under said sections." We have examined the pleadings and find that the above statement made by petitioner in its said motion is correct. Therefore, having held that petitioner is not entitled to special assessment, and there being no other issues for us to decide,

*Decision will be entered for respondent.*